## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTHEW N. JONES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 16-005-RGA |
| | : | |
| CRISIS INTERVENTION SERVICES, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

Matthew N. Jones, Greenwood, Delaware. *Pro Se* Plaintiff.

Michael F. McTaggart, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants.

## **MEMORANDUM OPINION**

March $\int_{b}$ , 2017
Wilmington, Delaware

*Richard G Andrews*

**ANDREWS, U.S. District Judge:**

Plaintiff Matthew N. Jones, who appears *pro se,* filed this action on January 7, 2016, pursuant to 42 U.S.C. § 1983.[1] (D.I. 1).[2] Defendants Crisis Intervention Services and Delaware State Police have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and a motion to quash subpoenas. (D.I. 18, 26). Plaintiff has filed a motion for summary judgment and a motion to amend the complaint. (D.I. 23, 34). Briefing on the matters is complete.

## BACKGROUND

The Complaint alleges that on December 12, 2015, Crisis Intervention workers and Delaware State Police arrived at Plaintiff's home, handcuffed him, and transported him to the Crisis Intervention Center in Ellendale, Delaware. From there, Plaintiff was transported to the Rockford Center. Plaintiff alleges that Crisis Intervention Center committed felonies by accepting testimony, getting instructions, and taking orders from his mother, who was present at the time. He also alleges that Crisis Intervention Center "feloniously" diagnosed him with schizophrenia, which is a disease he "cannot possibly have."[3] (*Id.* at p.6). The Complaint alleges that Plaintiff was taken away for lengths of

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

[2]Plaintiff has filed several lawsuits raising claims related to his mental health. *See Jones v. Town of Georgetown*, Civ. No. 15-201-RGA (D. Del.), filed March 3, 2015; *Jones v. Delaware Bd. of Med. Licensure and Discipline*, Civ. No. 15-203-RGA, (D. Del.), filed Mar. 3, 2015; *Jones v. Mirza*, Civ. No. 15-1017-RGA (D. Del.), filed Nov. 4, 2015; and *Jones v. Crisis Intervention Services,* Civ. No. 16-410-RGA (D. Del.), filed June 6, 2016.

[3] Plaintiff submitted with his complaint various exhibits, including Exhibit 12, a "competency to stand trial evaluation" from 2013, which concludes that Plaintiff has "a significant past history of mental illness that includes a diagnosis of Paranoid

time and forced to ingest drugs that made him ill and caused allergic reactions. Plaintiff alleges attempted murder, wrongful imprisonment, persecution, and seeks $175,000,000 in damages. (*Id.* at pp. 6-7). Plaintiff amended the Complaint to clarify that he does not hold his mother responsible for her actions and blames Defendants for ignoring his "injuries, illnesses, and wounds." (D.I. 11 at p.1).

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that this Court lacks jurisdiction, the Defendants are immune from suit, many of the claims are time-barred, and the Complaint fails to state a claim upon which relief may be granted. (D.I. 18). Plaintiff opposes the motion to dismiss and moves for summary judgment, arguing, basically, that he does not have schizophrenia. (D.I. 23). Plaintiff also seeks to amend and provides a copy of the proposed amended complaint. (D.I. 34). Finally, Defendants move to quash subpoenas Plaintiff served upon two physicians. (D.I. 26).

## MOTION TO DISMISS

### Standards of Law

Plaintiff proceeds *pro se* and, therefore, his pleadings are liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See*

---

Schizophrenia." (D.I. 1-12 at p.6).

*Constitution Party v. Aichele,* 757 F.3d 347, 357-58 (3d Cir. 2014). "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* at 358 (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, the court may consider evidence outside the pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir.

3

2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### Discussion

Plaintiff seeks recovery from Defendants who are immune from suit.

The "State of Delaware Department of Health and Social Services ('DHSS') is a State agency with the mission of promoting the health and well-being of vulnerable populations within the State." *Doctors Pathology Servs. P.A. v. State Div. of Pub. Health, Dep't of Health & Soc. Servs.*, 2009 WL 4043299, at *1 (Del. Ch. Nov. 20, 2009). DHSS' Division of Substance Abuse and Mental Health operates Defendant Crisis Intervention Services, located throughout the State of Delaware, including Ellendale, the location referred to in this action. *See* http://dhss.delaware.gov/dsamh/crisis_intervention.html (Mar. 2, 2017). Thus, Crisis Intervention Services is an agency of the State of Delaware. In addition, the Delaware State Police is an agency of the State of Delaware. *See Janowksi v. Division of State Police Dep't of Safety & Homeland Sec.*, 2009 WL 537051, at *2 (Del. Super. Feb. 27, 2009).

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Accordingly, Defendants are immune from suit under the Eleventh Amendment. *See, e.g., State of Delaware Dep't of Health and*

4

*Social Services v. Sheppard*, 864 A.2d 929 (Del. 2004) (table) (sovereign immunity not waived in case against State by patient who was in the care of the State psychiatric facility); *Lovett v. Pietlock*, 2011 WL 2086642, at \*4 (Del. Super. Ct. Apr. 26, 2011), *aff'd*, 32 A.3d 988 (Del. 2011) (action may not be maintained because Delaware State Police holds sovereign immunity as agency of the State and because Delaware has not waived immunity).

In addition, to state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986). The claims against Defendants are barred by *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69 (1989), which holds "that neither states nor state officials sued in their official capacities for money damages are 'persons' within the meaning of § 1983." *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

Defendants are immune from suit, and thus the Complaint fails to state a claim upon relief may be granted against them. Accordingly, the Court will grant Defendants' motion to dismiss.

## MOTION TO AMEND

### Standards of Law

Rule 15(a)(2) requires that the Court "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v.*

5

*Hartford Accident & Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). However, "the pleading philosophy of the Rules counsels in favor of liberally permitting amendments to a complaint." *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013).

## Discussion

After Plaintiff filed his motion for summary judgment, he filed a motion to amend the Complaint and provided the Court with a proposed amended complaint. (D.I. 34). Defendants oppose. (D.I. 38). The proposed amended complaint states that the basis of jurisdiction is the United States Government as a defendant (instead of a federal question), raises the proposed claims pursuant to 18 U.S.C. § 1035, false statements relating to health care (instead of 42 U.S.C. § 1983), and provides the dates of occurrence as August 2015 to January 2016 (instead of December 11-12, 2015). The facts in the original Complaint are identical to the facts in the proposed amended complaint. (Compare D.I. 1 at pp.4-6 to D.I. 34 at Ex. 1 at pp.4-6).

Upon review of the proposed amended complaint, the Court finds futility of amendment. The proposed amended complaint alleges jurisdiction by reason of a "U.S. Government Defendant," but no such defendant has been named. While the Complaint invokes a federal criminal statute, 18 U.S.C. § 1035, false statements relating to health care matters, this statute does not serve to vest the Court with jurisdiction, and Plaintiff lacks standing to proceed under this statute. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision whether to prosecute, and which criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Finally, the facts in the proposed amended complaint do not begin to suggest a plausible factual basis to find a violation of § 1035. Therefore, the Court will deny Plaintiff's motion for leave to amend based upon futility of amendment. There is no possibility that further attempts to amend the complaint will result in a viable complaint against Crisis Intervention Services, the Delaware State Police, or the State of Delaware. Thus, further leave to amend will be denied as futile.

## MOTION FOR SUMMARY JUDGMENT

The Court will dismiss Plaintiff's motion for summary judgment (D.I. 23) as moot. Defendants are immune from suit.

## MOTION TO QUASH SUBPOENAS

Plaintiff served subpoenas upon two physicians seeking a "gender identity examination" of Plaintiff's mother, who is not a party to this action. (*See* D.I. 27, 28).

Defendants move to quash the subpoenas pursuant to Fed. R. Civ. P. 45(a)(1)(D) on the grounds that Rule 45 only permits a party to issue a subpoena for the production of records and tangible items, the subpoenas violated the rights of Plaintiff's mother, and they seek irrelevant information. (D.I. 26). Plaintiff did not file anything in opposition to the motion.

Generally, a motion to quash a third-party subpoena must be brought by the third party itself because "a party does not have standing to quash a subpoena served on a third party." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013). "An exception to this rule permits a party to move to quash when it claims 'some "personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty."'" *Id.* (quoting *Davis v. General Accident Ins. Co.*, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999)). Defendants advance no such personal right or privilege. Hence, they lack standing to challenge the subpoenas. Thus, were the case going forward, the Court would need to deny Defendants' motion. As the case is not going forward, however, the issue is moot, and the motions to quash will be dismissed, as the subpoenas are unenforceable.

## CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 18); (2) dismiss Plaintiff's motion for summary judgment (D.I. 23) as moot; (3) dismiss Defendants' motion to quash subpoenas (D.I. 26) as moot; and (4) deny Plaintiff's motion for leave to amend. (D.I. 34). Amendment is futile.

An appropriate order will be entered.

8